OA 91   Criminal Complaint

# United States District Court

__NORTHERN__ DISTRICT OF __CALIFORNIA__

UNITED STATES OF AMERICA
V.

ELY SAU CHAPAS-AGUILERA
AKA: Elisau Chapas-Aguilar

**CRIMINAL COMPLAINT**

Case Number: 3 07 70697

☐ **ORIGINAL**

FILED
NOV 26 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
BZ

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __October 30, 2007__ in __San Francisco__ County, in the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)

SEE ATTACHMENT "A"

in violation of Title __8__ United States Code, Section(s) __1326__.

I further state that I am a(n) __Deportation Officer__ and that this complaint is based on the following facts:

*Official Title*

SEE ATTACHED AFFIDAVIT MADE A PART HEREOF

PENALTIES: Imprisonment for not more than twenty (20) years and/or a fine of not more than two-hundred fifty thousand ($250,000.00) dollars, a one-hundred ($100.00) dollar special assessment, and three (3) years supervised release.

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: _____ AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

26 Nov 07
Date

at San Francisco, California
City and State

HONORABLE BERNARD ZIMMERMAN   U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

## ATTACHMENT "A"

On or about October 30, 2007, the defendant, Ely Sau Chapas-Aguilera (AKA: Elisau Chapas-Aguilar), an alien having been previously deported from the United States, was found in San Francisco County, in the State and Northern District of California, without having obtained express consent for reapplication for admission from either the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), (4) and 557).

| | |
|---|---|
| STATE AND NORTHERN DISTRICT OF CALIFORNIA | ) |
| | ) ss, AFFIDAVIT |
| CITY AND COUNTY OF SAN FRANCISCO | ) |

The undersigned, being duly sworn, do hereby state:

## I. INTRODUCTION

1. My name is Polly E. Kaiser, and I have been a Deportation Officer with the U. S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), formerly the United States Department of Justice (DOJ), Immigration and Naturalization Service (INS), for approximately four years. I am currently assigned under the Field Office Director, San Francisco, California (FOD/SF) in the Detention and Removal Operations (DRO) division. I am presently attached to the Prosecutions Unit of the Criminal Alien Program, a group that is responsible for enforcing federal criminal statutes involving criminal aliens who reenter the United States illegally.

2. As set forth below, I believe that probable cause exists to support a complaint against ELY SAU CHAPAS-AGUILERA (AKA: ELISAU CHAPAS-AGUILAR) for a violation of Title 8, United States Code 1326. The facts set forth in this Affidavit are based on my review of the official Immigration Service file (A79 763 007) of CHAPAS-AGUILERA, my personal observations, my training and experience, and where noted, information related to me by other law enforcement officials. However, the facts set forth in this Affidavit are not all facts related to CHAPAS-AGUILERA that are known to me.

## II. STATEMENT OF PROBABLE CAUSE

3. ELY SAU CHAPAS-AGUILERA, is a 22 year-old male who is a native and citizen of Honduras, who last entered the United States illegally by crossing the international border with Mexico on or about October 2007 via Arizona, and knowingly remained in the United States without first having obtained the consent to reapply for admission from the Attorney General of the United States or the United States Secretary of the Department of Homeland Security.

4. The official Immigration Service file for CHAPAS-AGUILERA contains 6 executed Warrants of Removal. The first is dated February 6, 2002, when CHAPAS-AGUILERA was deported from the United States to Honduras at Chandler, Arizona after being ordered deported on January 23, 2002.

5. The second Warrant of Removal shows CHAPAS-AGUILERA was removed from the United States to Honduras at Chandler, Arizona on February 26, 2003 after the January 23, 2002 order of removal was reinstated.

6. The third Warrant of Removal shows CHAPAS-AGUILERA was removed from the

-1-

United States to Honduras again at Chandler, Arizona on September 10, 2003 after the January 23, 2002 order of removal was reinstated.

7.    The fourth Warrant of Removal shows CHAPAS-AGUILERA was removed from the United States to Honduras again at Chandler, Arizona on July 9, 2004 after the January 23, 2002 order of removal was reinstated.

8.    The fifth Warrant of Removal shows CHAPAS-AGUILERA was removed from the United States to Honduras again at Chandler, Arizona on March 9, 2005 after being ordered rights and the right to speak with the consular or diplomatic officers of his country of citizenship, CHAPAS-AGUILERA waived those rights and provided a sworn statement that he is a citizen of Honduras. CHAPAS-AGUILERA further admitted that that he had previously been removed from the United States and had returned to the United States after his last deportation without first applying for or receiving permission from either the United States Attorney General or the Department of Homeland Security for permission to re-enter the United States.

12.    On November 20, 2007, a full set of rolled fingerprints taken from CHAPAS-AGUILERA on November 19, 2007 and a set of fingerprints taken from CHAPAS-AGUILERA'S official immigration file taken May 31, 2006 were submitted to the Integrated Automated Fingerprint Identification System ("IAFIS"), for verification of identity.

13.    There is no indication in the official files of the United States Bureau of Immigration and Customs Enforcement that the defendant has applied for, or been granted the requisite permission to re-enter the United States from either the Attorney General of the United States or the Secretary for Homeland Security. Further, in his sworn statement, CHAPAS-AGUILERA admitted that he had not applied to the Attorney General or the Secretary of Homeland Security for permission to re-enter the Unites States after deportation.

III. CONCLUSION

14.     On the basis of the above information, I submit that there is probable cause to believe that CHAPAS-AGUILERA, illegally reentered the United States following deportation, in violation of Title 8, United States Code, Section 1326.

*[signature]*
Polly E. Kaiser
Deportation Officer U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
San Francisco, California

Subscribed and sworn to before me this 26 day of November 2007.

*[signature]*
The Honorable Bernard Zimmerman
United States Magistrate Judge
Northern District of California
San Francisco, California